### KISSICK v. REES et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

VENDOR AND PURCHASER—DELAY IN MAKING CONVEYANCE—PAYMENT OF TAXES BY VENDOR—REIMBURSEMENT BY VENDEE.

Where a vendor failed to make conveyance on the agreed date, and thereafter, while in possession of the premises, paid taxes which had become a lien upon the premises, and as a result of a suit for specific performance conveyance was made, the vendee receiving the rental value from the date when conveyance should have been made, and the vendor being allowed interest on the purchase money, equity did not require the vendee to reimburse the vendor for the taxes.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, §§ 409–412.]

Action by William A. Kissick against Thomas Edward Rees and another. Submission of controversy under the provisions of the Code. Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

E. H. Benn, for plaintiff.
William T. Croak, for defendants.

WOODWARD, J. The defendants entered into a contract with the plaintiff for the sale of certain real estate, defendants agreeing to give

title on the 1st day of October, 1904. The defendants failed to give the deed as agreed upon in their contract, and retained possession of the premises. On the 13th day of October, 1904, while thus in possession of the premises, the defendants paid the taxes, which had become a lien upon the premises on the 3d day of the same month, amounting to $135.72. In November, 1904, the plaintiff brought an action for specific performance of the contract, the litigation resulting in a judgment in his favor. The defendants set up various defenses, in none of which they succeeded, and before the entry of judgment they gave the plaintiff a deed of the premises; this deed bearing date of March 23, 1905. In the adjustment the defendants paid to the plaintiff the rental value of the premises from the 1st day of October, the date when the deed should have been given, and the plaintiff allowed the defendants interest upon the purchase money during the same period. The defendants now insist that the plaintiff is legally bound to pay the amount of the taxes paid by the defendants in October, 1904; and this is the question to be determined here.

We are unable to understand why the defendants, who were unquestionably in the wrong in this controversy, should be allowed to recover any moneys which they may have been called upon to pay in taxes while in the possession and ownership of the premises. The defendants, having wrongfully retained possession and title to the premises involved in the controversy, are hardly in a position to say that the plaintiff should reimburse them for moneys which they alone were legally liable to pay. This is not even a case where a third party has assumed to pay the debt of another, in which case there would be no liability, except in a case where such payment had been requested. Nat. Bank of Ballston Spa v. Board of Supervisors, 106 N. Y. 488, 13 N. E. 439. In this case the defendants, as the legal owners of the premises, were bound to pay the taxes, which had become a lien; and, having wrongfully retained such ownership, compelling the plaintiff to resort to a court of equity for relief, we are of opinion that the judgment decreeing specific performance contemplated what appears to have been done—the payment to the plaintiff of the rental value of the premises, less the interest during the time title was withheld—and no considerations of equity would warrant this court in making a new adjustment, and imposing the taxes upon the plaintiff.

The plaintiff should have judgment.

Judgment for plaintiff, without costs, on submission of controversy. All concur; HOOKER, J., in result.